IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

Joseph Catania, )
        Plaintiff, ) Case No. 3AN-18-07475 CI
vs. )
ASRC Energy Services Alaska, Inc., )
        Defendant. )

## COMPLAINT
### Amended

COMES NOW, Joseph P. Catania, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Joseph P. Catania, resided within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, ASRC Energy Services, Inc., has maintained significant business connections within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

### II. FACTS

2.1. On or about October 3, 2013, Plaintiff Joseph P. Catania began working as a facilities operator for defendant ASRC Energy Services.

COMPLAINT: CATANIA V. ASRC ENERGY SERVICES ALASKA, INC.     PAGE - 1 -

2.2. On or about April 2016, Mr. Catania suffered an on-the-job injury, which required some time off from work, but was covered by workers' compensation.

2.3. Shortly after being injured, Mr. Catania was cleared to work without any restrictions.

2.4. Despite being cleared to work without restrictions, Mr. Catania's supervisor treated him as if he were disabled by preventing him from doing certain aspects of his job duties.

2.5. In July 2016, Mr. Catania was informed that he would be laid off. Initially, no reason was given for the "lay-off," but the reason was eventually changed to reflect that Mr. Catania was being laid-off due to poor performance.

2.6. During the period of time prior to being "laid-off," Mr. Catania had not received any notification that he had not been performing according to his employer's legitimate expectations.

2.7. Although his employer stated to Mr. Catania that he was being laid-ff because of performance, the employer provided no documentation to support this allegation.

2.8. It is known, based on contemporaneous evidence, that Mr. Catania's job was not eliminated. Rather, an employee with less seniority working with Defendant, and with less experience, was allowed to take the job that Mr. Catania had been working.

2.9. Based on available facts known to Plaintiff, the person who took over Mr. Catania's job duties was under the age of 40 years old, and had not been treated as if he were disabled by his employer, as Mr. Catania had been.

2.10. Mr. Catania is over 40 years of age.

2.11. After his termination, Mr. Catania filed a claim of disability and age discrimination with the EEOC, recently receiving a Right to Sue letter.

2.12. The present lawsuit is filed within the time limit identified in Mr. Catania's Right to Sue letter.

## CAUSES OF ACTION

### I. DISPARATE TREATMENT ON THE BASIS OF AGE, IN VIOLATION OF: 29 U.S.C. § 623.

3.1. Joseph P. Catania incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.12, and alleges that defendant, ASRC Energy Services, violated the Age Discrimination in Employment Act.

3.2. Joseph P. Catania alleges that at all times relevant to this lawsuit he was over forty years of age, and was performing his job duties to the expectation of his employers, receiving no significant progressive discipline or verbal counseling.

3.3. Joseph P. Catania alleges that despite have greater seniority with Defendant, superior experience, and greater on-site knowledge, he was terminated by Defendant while a less experienced employee, under 40 years of age was retained.

3.4. Plaintiff Joseph P. Catania alleges that no legitimate, non-discriminatory reason exists to explain why he was terminated from his job, while a younger employee with less skill was allowed to remain.

3.5. Joseph P. Catania alleges that defendant ASRC Energy Services violated the Age Discrimination in Employment Act when it terminated his employment because of his age, being over 40 years old, while retaining a less experienced employee, under 40 years of age.

3.6. For ASRC Energy Service's violations of the Age Discrimination in Employment Act, Plaintiff seeks all damages available under law, specifically as outlined in 29 U.S.C. § 216(b), including back pay, future pay, actual attorney fees and prejudgment interest, and liquidated damages.

COMPLAINT: CATANIA V. ASRC ENERGY SERVICES ALASKA, INC.    PAGE - 3 -

Exhibit A - Page 3 of 5
Case 3:18-cv-00202-HRH   Document 1-1   Filed 09/10/18   Page 3 of 5

## II. Disparate Treatment and Retaliation on The Basis of Disability, In Violation of the Americans with Disability Act, as Amended.

3.7. Plaintiff, Joseph P. Catania, reaffirms the facts and allegations within paragraphs 2.1 through 2.12 above, and alleges that by such conduct defendant ASRC Energy Services, violated the protections guaranteed within the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq..

3.8. Plaintiff, Joseph P. Catania, alleges, and affirms, that at all times relevant to this lawsuit, he was a "qualified individual," as this terms is defined in 42 U.S.C. § 12111(8), as documented by his employment records, and evaluations.

3.9. Plaintiff, Joseph P. Catania, alleges, and affirms, that his employer treated him disparately because it believed he had a disability, and that this disparate treatment made it difficult and impossible for him to do all aspects of his employment duties.

3.10. Plaintiff, Joseph P. Catania, alleges that when his employer made the decision to terminate him employment, it illegally considered its belief that he had a disability and its decision to terminate him related directly to its desire to avoid employing someone with a disability.

3.13. As remedy for the conduct allegedly perpetrated by ASRC Energy Services, plaintiff Joseph P. Catania, requests all available remedies under 42 U.S.C. § 1981(a), and the Americans with Disabilities Act, including back pay, future pay, compensatory damages, punitive damages, and attorney fees, under 42 U.S.C. § 1988.

### JURY DEMAND

4.1. Plaintiff, Joseph P. Catania, hereby demands a trial by jury on all claims and issues for which he has a right for a jury to render judgment.

## PRAYER FOR RELIEF

WHEREFORE, as a proximate, legal, and substantial cause of Defendant's acts and omission above, Plaintiff prays for the following remedies:

1. For special damages according to proof, including loss of income, loss of earning potential, other job opportunity and benefits;
2. For general damages in an amount according to proof including but not limited to, extreme and severe mental anguish and emotional distress, including stress, tension, nausea, anxiety, difficulty sleeping, humiliation, embarrassment, and other mental distress, within the jurisdiction limit of this court;
3. For punitive damages;
4. For reasonable attorney's fees as provided by statute (42 U.S.C. § 1988);
5. For pre-judgment interest as allowed by law;
6. For cost of suit herein;
7. For any other such relief as the Court deems just and proper, or as permitted by statute.

Dated: August 8, 2018

Isaac D. Zorea
ABA No. 0011090
Counsel for Joseph Catania